[No. 22545. Department One. August 22, 1930.]

A. D. BARRETT, *as Administrator, Respondent,* v. A. J. POWERS, *Appellant.*[1]

*E. K. Brown,* for appellant.
*F. A. Kern,* for respondent.

MILLARD, J.—Mrs. Cecil May Barrett died as a result of injuries sustained in a collision between her automobile and the automobile of the defendant. The administrator of the estate of the deceased instituted this action to recover for that death. The cause was tried to a jury, which returned a verdict in favor of the plaintiff. From the judgment entered, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the defendant appealed.

About nine o'clock p. m., November 10, 1929, the appellant departed from Ellensburg in his Oakland sedan

[1]Reported in 290 Pac. 816.

for his home in Thorp, which is approximately nine miles northwest of Ellensburg. About the same hour, the deceased started in her Ford sedan from Thorp for her home near Ellensburg. Accompanying the appellant in his car, were a lady and a twelve-year-old boy. The deceased was riding alone. The night was dark. The moon was not shining, but there was no rain or fog. The highway between Ellensburg and Thorp is paved with concrete eighteen feet wide. A clearly visible black line (an expansion joint) runs lengthwise down the middle of the pavement. The collision occurred six miles northwest of Ellensburg and three miles southeast of Thorp.

The only persons witnessing the accident were appellant, his two guests, the deceased and a man named Rutledge, who was in his automobile, sixty feet to the rear of, and traveling in the same direction as, appellant. Rutledge testified that appellant was driving on the proper, or right, side of the pavement at a prudent and lawful speed until about sixty feet distant from the place of collision, when appellant veered to his left and, at the moment of impact with the car of the deceased, the left side of appellant's car was from ten to fourteen inches to the left of the black line in the middle of the highway. Appellant insists that Rutledge is an interested witness, being desirous of compensation for his wrecked car; that the foregoing testimony conflicts with Rutledge's statement to one person, the morning following the accident, that he did not know who was to blame, as both appellant and deceased were closely hugging the black line. Appellant and his two guests testified that appellant was, at all times up to the moment of the collision, driving on his right side of the pavement; that, at all times, the black expansion joint in the middle of the pavement was clearly visible to the left of appellant's automobile.

Appellant testified that, when approximately six miles northwest of Ellensburg, he turned on the road to his left and entered upon a straight stretch of pavement slightly more than one mile in length. Just as appellant started from the southeast end of this mile straight-away, the lights of Mrs. Barrett's automobile came into view at the northwest end of the straight-away. Both cars were traveling at a legal rate of speed. As the front wheels of the two automobiles came abreast, there seemed to be ample space between for the passage of the two cars, but Mrs. Barrett's car hit appellant's car. Appellant lost control of his automobile, which traveled across the pavement to the left and stopped in a ditch on the left (west) side of the highway. The car of deceased veered to the left (east), and struck the car of Rutledge, which was sixty feet southeast of the place where the car of deceased had collided with appellant's car. The automobiles of Mrs. Barrett and Rutledge were completely wrecked. Mrs. Barrett was thrown from her automobile and sustained injuries which resulted in her death two days later.

The appellant assigns as error the refusal of the trial court to give the following requested instructions:

"Instruction No. 9. It was the duty of said Cecil May Barrett to use reasonable precaution at all times to avoid injuries from meeting vehicles. Her failure to do so would be negligence on her part which, if the same proximately contributed to her injury and death, would constitute contributory negligence, barring recovery for plaintiff.

"Instruction 10. Should you find from the evidence that both said Cecil May Barrett and defendant drove too close to the middle of said highway and that such acts proximately caused the collision between her automobile and defendant's automobile, then both were guilty of negligence, but in such an event plaintiff can not recover."

Appellant contends that at no place did the court say to the jury anything adequately expressing the idea of instruction No. 9, and that requested instruction No. 10 was upon a material issue not covered by any of the instructions given.

There was evidence that the greater portion of the impact upon appellant's car was at the front end of the left running board where the same joins the left front fender. A Ford hub cap and an Oakland hub cap, both crushed, were found near the scene of the collision. Two automobile mechanics testified that they were of the opinion that the collision between the cars occurred at an angle. There was testimony that the mutually similar indentations in the hub caps were made by their hitting while on the respective cars. Appellant argues that, from the foregoing and the statement of Rutledge, the morning following the accident that both cars were driving close to the line in the middle of the pavement, it appears very probable that both automobiles were too close to the black line in the middle of the highway. It is contended that, while no witness said in so many words that deceased drove offside, there was ample testimony to justify such inference; hence it was highly material to determine as a matter of fact whether both drivers were too close to the black line, as in such event neither party could recover.

The theory upon which respondent sought to recover was that the collision was caused by appellant's negligence in driving at an excessive and unlawful speed, and in driving on his left side of the pavement. Appellant alleged that the accident was occasioned by the negligence of the deceased in undertaking to drive her automobile while she was disabled by a recently and severely cut finger; that the left front tire and inner tube of the car of deceased were so worn and defective that it was dangerous to drive with the same; that de-

ceased was driving at an excessive and unlawful speed; and that she was driving on her left side of the pavement.

It will be observed that respondent, by his complaint, charged the appellant with two specific acts of negligence. By his answer, the appellant charged the deceased with four specific acts of negligence. The court informed the jury as to the allegations of the parties, and instructed the jury that, before they could find for the respondent, they must find by a preponderance of the evidence that appellant was negligent in some particular claimed by respondent, and that such negligence was the proximate cause of the injury of Mrs. Barrett. The court further instructed the jury that, if they found from a preponderance of the evidence that the deceased was negligent in any of the particulars alleged by appellant, and that such negligence directly and proximately contributed to the injury of the deceased, the jury should find for the appellant, even though they found the appellant negligent as alleged by the respondent. By instruction No. 10, the jury were instructed as follows:

"Any person violating a statutory law and when the act of said violation is the proximate cause of the injury complained of is guilty of negligence, and in this connection I call your attention to the following statutes of the state of Washington:

" 'Whenever any person driving any vehicle shall meet on any public highway in this state, the persons so meeting shall reasonably turn their vehicles to the right of the center of the road, to permit each vehicle to pass without interfering with or interrupting the other.

" 'Every person operating or driving any vehicle of any character upon a public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of

operation, taking into account the amount and character of the traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface and freedom from obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property, or other rights of any person entitled to the use, of the street or highway, and in no event at a speed greater than forty miles an hour.''

■ Requested instruction No. 9 was sufficiently covered by the instructions given. The jury were clearly instructed that it was the duty of each of the parties to drive in a careful and prudent manner, which means the same thing as ''to use reasonable precaution.'' The instructions were definite that failure to drive in a careful and prudent manner, if the proximate cause of injury, constituted negligence barring recovery by the one violating the statute.

■ Requested instruction No. 10 is confusing. The court instructed the jury that, if both parties were guilty of negligence and both acts of negligence contributed to the injury, neither party could recover. One of the automobiles was on the wrong side of the highway. The substance of the issue was whether the appellant was offside or whether the deceased was on the wrong side of the highway. Appellant does not complain that the court failed to correctly charge the jury on that issue. We can not say whether it is possible for two automobiles going in opposite directions to drive ''too close to the middle'' of the highway and neither be on the wrong side or both be offside at the time they collided. There is no evidence in the record before us that warrants an instruction to cover such condition.

■ From a reading of all the instructions, it is plain that the jury were clearly and correctly charged under the pleadings and the evidence. We have uniformly held that the refusal to give requested instruc-

276

tions is not prejudicial error when they were given in substance in other instructions in so far as the evidence of the case calls for instructions upon the matter requested.

The judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and TOLMAN, JJ., concur.